IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| KYLEE ELIZABETH RAE, ) <br> ) <br> Plaintiff, ) <br> ) <br> vs. ) <br> ) <br> NANCY A. BERRYHILL, Acting ) <br> Commissioner of Social Security,[1] ) <br> ) <br> Defendant. ) <br> ) | Civil Action No. 17-967 |

AMBROSE, Senior District Judge

# OPINION
## and
## ORDER OF COURT

### SYNOPSIS

Pending before the Court are Cross-Motions for Summary Judgment. [ECF Nos. 9 and 13]. Both parties have filed Briefs in Support of their Motions. [ECF Nos. 10 and 14]. After careful consideration of the submissions of the parties, and based on my Opinion set forth below, I am granting Plaintiff's Motion for Summary Judgment [ECF No. 9] and denying Defendant's Motion for Summary Judgment. [ECF No. 13].

### I. BACKGROUND

Plaintiff has brought this action for review of the final decision of the Commissioner of Social Security ("Commissioner") denying her application for Disability Insurance Benefits ("DIB") and under Title II of the Social Security Act (the "Act") and for Supplemental Security Income ("SSI") under Title XVI of the Act. Plaintiff applied for DIB and SSI on or about September 17,

---

[1] Nancy A. Berryhill became the Acting Commissioner of Social Security on January 23, 2017, and is automatically substituted as the Defendant in this suit pursuant to Federal Rule of Civil Procedure 25(d).

2013. [ECF No. 7-7 (Exs. B3D, B4D)]. In her applications, she alleged that since November 5, 2012, she had been disabled due to depression, anxiety disorder, sinus problems, back pain, pain in both hips, sleep problems, fungus on toes, pollen/grass/weed allergies, vitamin d deficiency, possible rheumatoid arthritis, and problem with left arm. [ECF No. 7-8 (Ex. B3E)]. Administrative Law Judge ("ALJ") Michael S. Kaczmarek held a hearing on November 19, 2015, at which Plaintiff was represented by counsel. [ECF No. 7-3, at 43-74]. Plaintiff appeared at the hearing and testified on her own behalf. Id. A vocational expert also was present at the hearing and testified. Id. at 71-74. In a decision dated March 10, 2016, the ALJ found that jobs existed in significant numbers in the national economy that Plaintiff could perform and, therefore, that Plaintiff was not disabled under the Act. [ECF No. 7-2, at 23-36]. Plaintiff requested review of the ALJ's determination by the Appeals Council, and, on May 23, 2017, the Appeals Council denied Plaintiff's request for review. [ECF No. 7-2, at 2-4]. Having exhausted all of her administrative remedies, Plaintiff filed this action.

The parties have filed Cross-Motions for Summary Judgment. [ECF Nos. 9 and 13]. The issues are now ripe for my review.

## II. LEGAL ANALYSIS

### A. STANDARD OF REVIEW

The standard of review in social security cases is whether substantial evidence exists in the record to support the Commissioner's decision. Allen v. Bowen, 881 F.2d 37, 39 (3d Cir. 1989). Substantial evidence has been defined as "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate." Ventura v. Shalala, 55 F.3d 900, 901 (3d Cir. 1995) (quoting Richardson v. Perales, 402 U.S. 389, 401 (1971)). Determining whether substantial evidence exists is "not merely a quantitative exercise." Gilliland v. Heckler, 786 F.2d 178, 183 (3d Cir. 1986) (citing Kent v. Schweiker, 710 F.2d 110, 114 (3d Cir. 1983)). "A single piece of evidence will not satisfy the substantiality test if the secretary ignores, or fails

to resolve, a conflict created by countervailing evidence. Nor is evidence substantial if it is overwhelmed by other evidence – particularly certain types of evidence (e.g., that offered by treating physicians)." Id. The Commissioner's findings of fact, if supported by substantial evidence, are conclusive. 42 U.S.C. § 405(g); Dobrowolsky v. Califano, 606 F.2d 403, 406 (3d Cir. 1979). A district court cannot conduct a *de novo* review of the Commissioner's decision or re-weigh the evidence of record. Palmer v. Apfel, 995 F. Supp. 549, 552 (E.D. Pa. 1998). Where the ALJ's findings of fact are supported by substantial evidence, a court is bound by those findings, even if the court would have decided the factual inquiry differently. Hartranft v. Apfel, 181 F.3d 358, 360 (3d Cir. 1999). To determine whether a finding is supported by substantial evidence, the district court must review the record as a whole. See 5 U.S.C. § 706.

To be eligible for social security benefits, the plaintiff must demonstrate that she cannot engage in substantial gainful activity because of a medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of at least 12 months. 42 U.S.C. § 1382(a)(3)(A); Brewster v. Heckler, 786 F.2d 581, 583 (3d Cir. 1986).

The Commissioner has provided the ALJ with a five-step sequential analysis to use when evaluating the disabled status of each claimant. 20 C.F.R. §§ 404.1520, 416.920. The ALJ must determine: (1) whether the claimant is currently engaged in substantial gainful activity; (2) if not, whether the claimant has a severe impairment; (3) if the claimant has a severe impairment, whether it meets or equals the criteria listed in 20 C.F.R. pt. 404, subpt. P, app. 1; (4) if the impairment does not satisfy one of the impairment listings, whether the claimant's impairments prevent her from performing her past relevant work; and (5) if the claimant is incapable of performing her past relevant work, whether she can perform any other work which exists in the national economy, in light of her age, education, work experience and residual functional capacity. 20 C.F.R. §§ 404.1520, 416.920. The claimant carries the initial burden of demonstrating by

medical evidence that she is unable to return to her previous employment (steps 1-4). Dobrowolsky, 606 F.2d at 406. Once the claimant meets this burden, the burden of proof shifts to the Commissioner to show that the claimant can engage in alternative substantial gainful activity (step 5). Id.

A district court, after reviewing the entire record may affirm, modify, or reverse the decision with or without remand to the Commissioner for rehearing. Podedworny v. Harris, 745 F.2d 210, 221 (3d Cir. 1984).

**B.  WHETHER THE ALJ IMPROPERLY DISREGARDED THE MEDICAL OPINIONS OF PLAINTIFF'S TREATING AND EXAMINING PHYSICIANS**

At Step Two of his analysis, the ALJ found that Plaintiff had the following severe impairments: depression, anxiety, and bipolar disorder. [ECF No. 7-2, at 25-26]. The ALJ found that Plaintiff had the residual functional capacity ("RFC") to perform light work as defined in 20 C.F.R. §§ 404.1567(b) and 416.967(b) except that Plaintiff must avoid concentrated exposure to extremes of heat and cold and all hazards such as inherently dangerous moving machinery and unprotected heights; she is limited to performing routine, repetitive tasks at the SVP 1 to 2 level; she must work in a static low stress environment involving only simple decisions and infrequent changes, and those changes that did occur would be explained and/or demonstrated and could be learned in 30 days or less; her work must be fast paced or have strict production or time quotas; and she can have only occasional interaction with others. [ECF No. 7-2, at 28-34]. The ALJ concluded that jobs existed in significant numbers in the national economy that Plaintiff could perform, including retail marker, photocopy machine operator, and folding machine operator. Id. at 34-35.

Plaintiff argues that the ALJ erred when weighing the medical opinion evidence in determining her mental RFC. [ECF No. 10, at 12-19]. The amount of weight accorded to medical opinions is well-established. Generally, the opinions of a claimant's treating physicians

are entitled to substantial and, at times, even controlling weight. 20 C.F.R. §§ 404.1527(c), 416.927(c).[2] To be entitled to controlling weight, however, the treating physician's opinion must be well supported by medical techniques and consistent with the other substantial evidence of record. See Fargnoli v. Massanari, 247 F.3d 34, 43 (3d Cir. 2001). To determine the weight of a treating physician's opinion, the ALJ may consider a number of factors, including consistency, length of treatment, corroborating evidence, and supportability. 20 C.F.R. §§ 404.1527, 416.927. As the Court of Appeals for the Third Circuit has explained:

> "A cardinal principle guiding disability determinations is that the ALJ accord treating physicians' reports great weight, especially 'when their opinions reflect expert judgment based on continuing observation of the patient's condition over a prolonged period of time.'" Morales v. Apfel, 225 F.3d 310, 317 (3d Cir. 2000) (quoting Plummer v. Apfel, 186 F.3d 422, 429 (3d Cir. 1999)). However, "where . . . the opinion of a treating physician conflicts with that of a non-treating, non-examining physician, the ALJ may choose whom to credit" and may reject the treating physician's assessment if such rejection is based on contradictory medical evidence. Id. Similarly, under 20 C.F.R. § 416.927[(c)](2), the opinion of a treating physician is to be given controlling weight only when it is well-supported by medical evidence and is consistent with other evidence in the record.

Becker v. Comm'r of Soc. Sec. Admin., 403 F. App'x 679, 686 (3d Cir. 2010). Although the ALJ may choose who to credit when faced with a conflict, he "cannot reject evidence for no reason or for the wrong reason." Diaz v. Comm'r of Soc. Sec., 577 F.3d 500, 505 (3d Cir. 2009).

Here, Plaintiff first contends that the mental RFC finding is inconsistent with the ALJ's evaluation of the opinions of treating physician Max Lockward, M.D., who completed a Psychiatric/Psychological Impairment Questionnaire on or about August 20, 2013, in which he opined, inter alia, that Plaintiff was "moderately limited"[3] in her ability to: remember locations and work-like procedures; understand and remember detailed instructions; carry out simple one or

---

[2] Although the regulations governing the evaluation of medical evidence were recently amended, the version effective March 27, 2017, does not apply to the present claim. See 20 C.F.R. §§ 404.1527, 416.927 (2017); 20 C.F.R. §§ 404.1520c, 416.920c (2017).

[3] The questionnaire defines "moderately limited" as "significantly affects but does not totally preclude the individual's ability to perform the activity." [ECF No. 7-17 (Ex. B17F)].

two-step instructions; maintain attention and concentration for extended periods; perform activities within a schedule, maintain regular attendance, and be punctual within customary tolerance; work in coordination with or proximity to others without being distracted by them; make simple work-related decisions; complete a normal workweek without interruption from psychologically based symptoms and perform at a consistent pace without an unreasonable number and length of rest periods; interact appropriately with the general public; accept instructions and respond appropriately to criticism from supervisors; get along with co-workers or peers without distracting them or exhibiting behavioral extremes; and respond appropriately to changes in the work setting. [ECF No. 7-17 (Ex. B17F)]. Dr. Lockward also checked "yes" when asked if Plaintiff experienced episodes of deterioration or decompensation in work or work-like settings which caused her to withdraw from that situation and/or experience exacerbation of signs or symptoms. Id. He further estimated that Plaintiff would likely be absent from work as a result of her impairments more than three times a month on average. Id.

The ALJ gave Dr. Lockward's opinion "partial weight" because the moderate limitations described above were "generally consistent with the evidence of record." [ECF No. 7-2, at 32-33]. The only portions of Dr. Lockward's opinion with which the ALJ expressly disagreed were his separate assertions that Plaintiff experienced episodes of deterioration or decompensation in work or work-like settings and/or would miss three days of work per month. Id. The ALJ found that there was no evidence of episodes of decompensation/deterioration and no basis to support the projected absences because Plaintiff was able to attend Narcotics Anonymous meetings most nights of the week and reported improved symptoms with medications. Id. (citing exhibits).

Plaintiff argues that the ALJ's mental RFC finding is inconsistent with his acceptance of Dr. Lockward's moderate limitations. [ECF No. 10, at 13-14]. After careful consideration, I agree that remand is necessary on this issue. As Plaintiff notes, while the ALJ appears to have accepted all of Dr. Lockward's moderate limitations, it is not apparent from the face of the opinion

that he incorporated each of those limitations into the RFC. Although the RFC plainly accounts for some of the moderate limitations such as those related to following detailed instructions and interacting with others, it is unclear whether it incorporates other limitations, including those concerning Plaintiff's ability to carry out simple instructions, perform activities within a schedule and maintain regular attendance,[4] make simple decisions, and/or complete a normal work week without interruptions. Although the ALJ is entitled to reject limitations that are unsupported by the record, he must provide the reasons for discounting that evidence. Because the ALJ's opinion is unclear as to whether he accounted for all of Dr. Lockward's moderate limitations in his mental RFC finding or rejected some of those limitations in whole or in part, remand is necessary on this issue. On remand, the ALJ must clarify his findings with respect to the limitations contained in Dr. Lockward's opinion and explain how, if at all, his RFC finding accounts for such limitations.[5]

Plaintiff also takes issue with the ALJ's evaluation of the opinion of SSA consultative examiner Lanny Detore, Ed. D. who conducted a psychological examination of Plaintiff on or about November 20, 2013. [ECF No. 7-14 (Ex. B8F)]. Dr. Detore opined, inter alia, that Plaintiff was "moderately" limited in her ability to carry out simple instructions and make judgments on

---

[4] I recognize that the ALJ tangentially discusses Plaintiff's attendance when he rejects Dr. Lockward's estimate that Plaintiff would miss more than three days of work per month on the grounds that Plaintiff is able to attend Narcotics Anonymous meetings most nights of the week and reported improved symptoms with medication. [ECF No. 7-2, at 33]. This statement, however, addresses Dr. Lockward's answer to a separate questionnaire item, and not the section discussing the various moderate limitations. See ECF No. 7-17 (Ex. B17F). In any event, I find it difficult to see how Plaintiff's attendance at Narcotics Anonymous meetings on some weeknights corresponds with an ability to maintain regular attendance at work eight hours per day, five days a week. Again, the ALJ must clarify his position in this regard on remand.

[5] In opposition, Defendant argues, inter alia, that Dr. Lockward's opinion does not support a claim for disability because Dr. Lockward stated that he did not expect Plaintiff's impairments to last at least twelve months, a threshold requirement for a disability finding. [ECF No. 14, at 11-12 (citing Ex. B17F, question 15)]. I take no position on this issue, however, because the ALJ did not expressly rely on it in his decision. The review of an administrative order must be judged upon those bases set forth and disclosed in that order. Fargnoli v. Massanari, 247 F.3d 34, 44 n. 7 (3d Cir.2001). Thus, to consider *post hoc* rationalizations not listed by the ALJ runs contrary to the law. Id.

simple work-related decisions; "moderately" to "markedly" limited in her ability to make judgments on complex work-related decisions and carry out complex instructions; and "markedly" limited in her ability to interact appropriately with the public, supervisors, and co-workers, and to respond appropriately to usual work situations and to changes in a routine work setting.  Id.[6]  The ALJ gave Dr. Detore's opinion "little weight" because it appeared to be based on Plaintiff's "subjective complaints that were reported to be significantly greater at the consultative examination than during her regular outpatient treatment" and because Dr. Detore's limitations were inconsistent with her reported activities, including caring for her son, maintaining her home, attending NA meetings, organizing an NA softball game, working on crafts, and being a caregiver for an elderly woman.  [ECF No. 7-2 (citing hearing testimony and Exhibits)].

Arguing that the ALJ erred in assigning little weight to Dr. Detore's opinion, Plaintiff disagrees with the ALJ's suggestion that Dr. Detore based his opinions solely on Plaintiff's subjective complaints.  [ECF No. 10, at 17-19].  After careful review, I concur that the ALJ mischaracterizes Dr. Detore's report in this regard.  As plainly set forth in the report, Dr. Detore also relied on, inter alia, treatment records from Mon Yough Community Mental Health Services; background information provided by the Bureau of Disability Determination, including a psychological evaluation by consultative examiner Dr. Mrus; Plaintiff's medication history; and his objective observations of Plaintiff, including her appearance, dress, mannerisms, and personal hygiene.  [ECF No. 7-14 (Ex. 8F)].  Because the ALJ did not acknowledge these additional bases in his opinion, I have no way of knowing whether he considered and rejected them, or, if not, whether his conclusions regarding Dr. Detore's opinions would have changed had he considered this additional support.  Accordingly, remand is necessary.  On remand, the ALJ also

---

[6] The Medical Source Statement that Dr. Detore completed defines "moderate" as "'more than a slight limitation in [an] area, but the individual is still able to function satisfactorily."  It defines "marked" as a "serious limitation in [an] area" with "a substantial loss in the ability to effectively function."  [ECF No. 7-14 (Ex. 8F)].

should re-examine his reliance on Plaintiff's activities of daily living in discounting Dr. Detore's conclusion to ensure that he accurately characterizes those activities and that he considers whether they truly are inconsistent with Dr. Detore's opined work-related limitations.[7]

Plaintiff also criticizes the ALJ's partial reliance on the opinions of state agency non-examining psychologists, Douglas Schiller and Valorie Rings. [ECF No. 7-2, at 33-34]. Plaintiff's arguments in this regard, however, primarily center on the contention that the ALJ should have given greater weight to Plaintiff's treating specialists than to non-treating sources. [ECF No. 10, at 14-15]. In light of my findings above, the ALJ must re-evaluate all of the medical evidence on remand. On this issue, I note that Plaintiff is incorrect to the extent she argues that the ALJ erred simply because he gave greater weight to a non-treating physician than a treating provider. As set forth above, where there is a conflict between the opinion of a treating physician and a non-treating, non-examining physician, the ALJ may choose whom to credit and may reject the treating physician's assessment if such rejection is based on contradictory medical evidence. Moreover, it is well-established that State agency opinions merit significant consideration. See S.S.R. 96-6p ("Because State agency medical and psychological consultants ... are experts in the Social Security disability programs, ... 20 C.F.R. §§ 404.1527([e]) and 416.927([e]) require [ALJs] ... to consider their findings of fact about the nature and severity of an individual's impairment(s)...."). Thus, on remand, the ALJ shall re-consider all of the medical opinion evidence and assign weight as appropriate in accordance with all applicable guidelines and

---

[7] Although it is not improper for an ALJ to consider reported activities of daily living in assessing credibility, it likewise is well-established that the ability to perform activities of daily living does not always correspond with the ability to carry out sustained work-related mental activities in a work setting on a regular and continuing basis. See, e.g., Gonzales v. Colvin, 191 F. Supp. 3d 401, 423-24 (M.D. Pa. 2015); see also 20 C.F.R. §§ 404.1572; 416.972 ("Generally, we do not consider activities like taking care of yourself, household tasks, hobbies, therapy, school attendance, club activities, or social programs to be substantial gainful activity."). In this regard, I note that Dr. Detore expressly acknowledged in his report that Plaintiff lives independently and appears "to manage her ADLs fairly well." [ECF No. 7-14 (Ex. B8F)]. This suggests that Dr. Detore neither ignored Plaintiff's ADLs nor found them to be inconsistent with his opinions regarding her work-related limitations.

regulations.[8]

C. **WHETHER THE ALJ PROPERLY EVALUATED PLAINTIFF'S CREDIBILITY**

Plaintiff argues that the ALJ's credibility determination is not supported by substantial evidence. [ECF No. 10, at 19-21]. To be clear, it is well-established that the ALJ is charged with the responsibility of determining a claimant's credibility. See Baerga v. Richardson, 500 F.2d 309, 312 (3d Cir. 1974). The ALJ's decision "must contain specific reasons for the finding on credibility, supported by the evidence in the case record, and must be sufficiently specific to make clear to the individual and to any subsequent reviewers the weight the adjudicator gave to the individual's statements and the reason for that weight." S.S.R. 96-7p.[9] Ordinarily, an ALJ's credibility determination is entitled to great deference. See Zirnsak v. Colvin, 777 F.3d 607, 612 (3d Cir. 2014); Reefer v. Barnhart, 326 F.3d 376, 380 (3d Cir.2003).

In determining the limits on a claimant's capacity for work, the ALJ will consider the entire case record, including evidence from the treating, examining, and consulting physicians; observations from agency employees; and other factors such as the claimant's daily activities, descriptions of pain, precipitating and aggravating factors, type, dosage, effectiveness and side effects of medications, treatment other than medication, and other measures used to relieve pain. 20 C.F.R. §§ 404.1529(c), 416.929(c); S.S.R. 96-7p. The ALJ also will look at inconsistencies between the claimant's statements and the evidence presented. 20 C.F.R. §§ 404.1529(c)(4),

---

[8] Plaintiff also complains that the ALJ gave weight to consultative examiner Frank Mrus, Ed.D. [ECF No. 7-2, at 32 (citing Ex. B3F)]. Again, on remand, the ALJ must re-evaluate all of the medical evidence and explain the weight given to each opinion in accordance with applicable regulations. With respect to Dr. Mrus, however, I note that the ALJ's evaluation appears favorable to Plaintiff. Specifically, the ALJ gave Dr. Mrus's opinion only partial weight and seems to have credited only the portion opining that Plaintiff should not perform detailed work and should not be subject to frequent work pressures and change due to her anxiety, stress, and distractibility. Id. at 32. Aside from those areas, however, the ALJ indicated that Dr. Mrus's restrictions were inadequate and found that Plaintiff was even more limited than Dr. Mrus opined in her ability to interact with others taking into account her anxiety, irritability, anger, and difficulty getting along with family and coworkers. Id.

[9] As Plaintiff notes, SSR 96-7p was rescinded by the Commissioner on March 16, 2016. See S.S.R. 16-3p. SSR 96-7p, however, was still in effect at the time of the decision in this case.

416.929(c)(4). Inconsistencies in a claimant's testimony or daily activities permit an ALJ to conclude that some or all of the claimant's testimony about her limitations or symptoms is less than fully credible. See Burns v. Barnhart, 312 F.3d 113, 129–30 (3d Cir. 2002).

In general, I find that the ALJ here considered the factors set forth above and adequately explained the reasoning behind his credibility determinations. [ECF No. 7-2, at 29-32]. A claimant's course of treatment and activities of daily living as well as inconsistencies in the record are appropriate bases on which to evaluate credibility. Moreover, the ALJ here did not reject Plaintiff's allegations entirely. Rather, he incorporated numerous limitations related to Plaintiff's mental health complaints in his RFC finding. The ALJ's credibility findings, however, also rest on his analysis of the medical records and opinion evidence. Because I have found that the ALJ inadequately assessed the medical evidence in this case, the ALJ must reevaluate Plaintiff's credibility accordingly on remand.

### III.    CONCLUSION

Under the Social Security regulations, a federal district court reviewing the decision of the Commissioner denying benefits has three options. It may affirm the decision, reverse the decision and award benefits directly to a claimant, or remand the matter to the Commissioner for further consideration. 42 U.S.C. § 405(g) (sentence four). In light of an objective review of all evidence contained in the record, I find that the ALJ's decision is not supported by substantial evidence because, in discussing his RFC and credibility findings, the ALJ failed to address adequately the opinion evidence regarding Plaintiff's mental health. The case therefore is remanded for further consideration in light of this Opinion. In remanding on the points herein, I make no findings as to whether Plaintiff is or is not disabled. I simply find that I cannot properly evaluate the ALJ's opinion on the record before me. For these and all of the above reasons, Plaintiff's Motion for Summary Judgment is granted to the extent set forth herein, and Defendant's Motion for Summary Judgment is denied to that same extent. An appropriate Order follows.

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

KYLEE ELIZABETH RAE,

    Plaintiff,

vs.

NANCY A. BERRYHILL, Acting
Commissioner of Social Security,[1]

    Defendant.

Civil Action No. 17-967

AMBROSE, Senior District Judge

## ORDER OF COURT

AND NOW, this 30th day of July, 2018, after careful consideration of the submissions of the parties and for the reasons set forth in the Opinion accompanying this Order, it is ordered that Plaintiff's Motion for Summary Judgment [ECF No. 9] is GRANTED to the extent that Plaintiff seeks remand for further consideration and the matter is REMANDED to the Commissioner for further proceedings consistent with the Opinion attached hereto. Defendant's Motion for Summary Judgment [ECF No. 13] is DENIED.

BY THE COURT:

/s/ Donetta W. Ambrose
Donetta W. Ambrose
U.S. Senior District Judge

---

[1] Nancy A. Berryhill became the Acting Commissioner of Social Security on January 23, 2017, and is automatically substituted as the Defendant in this suit pursuant to Federal Rule of Civil Procedure 25(d).